**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

___Southern___ District of ___Texas___
                                    (State)

Case number (*if known*): _____ Chapter __11__

❑ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**                    Jervois Texas, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**      33-3029514

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 1999 Bryan Street | |
   | Number    Street | Number     Street |
   | Suite 900 | |
   | | P.O. Box |
   | Dallas          TX     75201-3136 | |
   | City            State   ZIP Code | City              State   ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | | Number     Street |
   | County | |
   | | City              State   ZIP Code |

5. **Debtor's website** (URL)      https://jervoisglobal.com/

Official Form 201              Voluntary Petition for Non-Individuals Filing for Bankruptcy              page 1

Debtor    Jervois Texas, LLC                                              Case number *(if known)*_____
_____
Name

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2</u>  <u>1</u>  <u>2</u>  <u>2</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☑ A plan is being filed with this petition.

☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                                          MM / DD / YYYY

          District _____   When _____   Case number _____
                                                          MM / DD / YYYY

| Debtor | Jervois Texas, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. **Debtor**  See Schedule 1    **Relationship**  Affiliate

**District**  Southern District of Texas    **When**  01/28/2025
    MM / DD / YYYY

**Case number, if known** _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number    Street

_____
    City        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

    Contact name _____

    Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☑ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

| Debtor | Jervois Texas, LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **1/28/2025**
MM / DD / YYYY

✗ *Bryce Crocker*
Signature of authorized representative of debtor

Bryce Crocker
Printed name

Title  Chief Executive Officer

**18. Signature of attorney**

✗ *Duston McFaul*
Signature of attorney for debtor

Date  **1/28/2025**
MM / DD / YYYY

Duston K. McFaul
Printed name

Sidley Austin LLP
Firm name

1000        Louisiana Street, Suite 5900
Number      Street

Houston                                         Texas        77002
City                                            State        ZIP Code

713-495-4500                                    dmcfaul@sidley.com
Contact phone                                   Email address

24003309                                        Texas
Bar number                                      State

## Schedule 1

### Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the **"Court"**). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Jervois Global Limited.

| | Debtor | Tax ID # |
|---|---|---|
| 1 | Jervois Texas, LLC | 33-3029514 |
| 2 | Jervois Global Limited | N/A |
| 3 | Jervois Suomi Holding Oy | N/A |
| 4 | Jervois Finland Oy | N/A |
| 5 | Jervois Americas LLC | 46-1998097 |
| 6 | Jervois Japan Inc. | N/A |
| 7 | Formation Holdings US, Inc. | 26-3470103 |
| 8 | Jervois Mining USA Limited | 88-0241323 |

**Fill in this information to identify the case:**

Debtor name __Jervois Texas, LLC__

United States Bankruptcy Court for the: __Southern__                      District of __Texas__
                                                                                    (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Millstreet Credit Fund LP 200 Park Avenue New York, New York 10166 | Paul Hastings, Counsel Representation P: (212) 318-6445 F: erezailad@paulhastings.com | Unsecured Noteholder | | | | $27,412,857.14 |
| 2 | ███████ | ██████ | Trade Debt | | | | $1,090,119.00 |
| 3 | Umicore Finland Oy Kobolttiaukio 1 Kokkola,  67101 Finland | Anu Malmi P: F: anu.malmi@eu.umicore.com | Trade Debt | | | | $547,229.05 |
| 4 | Varma Keskinäinentyöeläkevakuu Annankatu 18 Varma,  98 Finland | Customer service P: +358 10 192 100 F: | Trade Debt | | | | $220,136.52 |
| 5 | Ernst & Young LLP 200 Plaza Drive Secaucus, New Jersey 07094 | Paden A Stephens P: +1 256 749 0999 F: paden.stephens@ey.com | Professional Services | | | | $80,080.00 |
| 6 | SAP Australia Pty Ltd Level 13, 1 Denison Street Sydney, NSW 2060 Australia | Maria Andal P: +61 2 9935 4500 F: m.andal@sap.com | Trade Debt | | | | $76,833.65 |
| 7 | Small Mine Development LLC 967 E Parkcenter Blvd,  PMB 396 Boise, Idaho 83706 | Lee Kellogg P: 208-338-8880 F: lkellogg@undergroundmining.com | Trade Debt | | | | $76,032.04 |
| 8 | Lounea Yritysratkaisut Oy Rantakatu 14-16 Kokkola,  67100 Finland | Timo Kainu P: +358 40 077 1528 F: timo.kainu@lounea.fi | Trade Debt | | | | $67,522.03 |

Debtor    Jervois Texas, LLC
          Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Ernst & Young Oy Alvar Aallon Katu 5 C Helsinki, 100 Finland | P: 358 20 7280190 F: nordicbilling@ey.com | Professional Services | | | | $62,378.93 |
| 10 | SGS North America Inc. Natural Resources  4665 Paris ST St Denver, Colorado 80239 | Laura Olson P: F: Laura.Olson@sgs.com | Trade Debt | | | | $59,890.15 |
| 11 | Suomen Unipol Oy Kaurapellontie 8 Espoo, 2610 Finland | Markku Ekholm P: 3.5850040073e+11 F: markku.ekholm@unipol.fi | Trade Debt | | | | $59,246.86 |
| 12 | Accon Suomi Oy Vasarakuja 19 Kokkola, 67700 Finland | Petri Laasanen P: +358 400 833 611 F: petri@acconsuomi.fi | Trade Debt | | | | $57,773.09 |
| 13 | Oy Backman-Trummer Ab PI 49, Satamatullintie 5 Kokkola, 67900 Finland | Johan Smedjebacka P: +358 40 537 2290 F: johan.smedjebacka@backman-trummer.fi | Trade Debt | | | | $55,602.81 |
| 14 | Ernst & Young 8 Exhibition Street Melbourne, VIC 3000 Australia | Brad Pollock P: 1800 308 433 F: Accounts.Receivable@au.ey.com | Professional Services | | | | $51,975.00 |
| 15 | Työllisyysrahasto PI 191 Helsinki, 120 Finland | Customer service P: +358 75 757 0500 F: vakuutusmaksut@tyollisyysrahasto.fi | Trade Debt | | | | $50,475.51 |
| 16 | Tietoevry Tech Services Finland Oy Keilalahdentie 2-4 Espoo, 2150 Finland | Olli-Pekka Järviranta P: F: Olli-Pekka.jarviranta@tietoevry.com | Trade Debt | | | | $48,017.54 |
| 17 | Intelex Technologies 70 University Ave, Suite 800 Toronto, Ontario M5J 2M4 Canada | Rashad Aljunied P: +1 877 932 3747 F: rashad.aljunied@intelex.com | Trade Debt | | | | $41,919.77 |
| 18 | Blue Cross of Idaho PO Box 6948 Boise, Idaho 83707 | P: 208-345-4550 F: | Trade Debt | | | | $35,170.72 |
| 19 | Idaho Power Co PO Box 34966 Seattle, Washington 98124-1966 | P: 208-388-2323 F: | Trade Debt | | | | $34,788.51 |

Debtor __Jervois Texas, LLC_____     Case number *(if known)*_____
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 Freja Transport & Logistics Oy Linnankatu 90 Turku, 20100 Finland | P: +358 20 712 9830 F: info@freja.fi | Trade Debt | | | | $32,927.31 |
| 21 Control Systems Technology 5471 S Heyrend Idaho Falls, Idaho 83402-5385 | Shauna Larson P: 208-523-2796 F: dwareing@controlsys.com | Trade Debt | | | | $31,699.50 |
| 22 Tecalemit Flow Oy Tiilitie 6 Vantaa, 1720 Finland | Kim Viitala P: +358 29 006 5857 F: kim.viitala@tecaflow.fi | Trade Debt | | | | $31,325.48 |
| 23 Western States Equipment 3760 N Reserve St Missoula, Montana 59808 | Jason Calson P: 800-852-2287 F: jason.calson@wseco.com | Trade Debt | | | | $30,868.17 |
| 24 ███████████ | ███████████ | Trade Debt | | | | $29,189.85 |
| 25 Sumitomo Warehouse Kobe Hyogo Kobe, 650-0033 Japan | Mr. Shunsuke Mogi P: +81 7 8393 3604 F: mogi.shunsuke@sumitomo-soko.co.jp | Trade Debt | | | | $28,522.99 |
| 26 Kemianteollisuus Ry Etelaranta 10 Helsinki, 131 Finland | P: +358 9 172 841 F: katja.teerimaki@kemianteollisuus.fi | Trade Debt | | | | $25,743.51 |
| 27 Energy Laboratories Inc Department 6250, PO Box 4110 Woburn, Massachusetts 01888-4110 | Account Dept P: 406-869-7270 F: accounts@energylab.com | Trade Debt | | | | $25,381.10 |
| 28 Accountor Hr Solutions Oy Hallituskatu 16 A Tampere, 33200 Finland | P: +358 20 7425 400 F: laskutus@accountorhr.fi | Trade Debt | | | | $25,258.28 |
| 29 Kokkolan Energiaverkot Oy Varastotie 3 Kokkola, 67100 Finland | Tapio Järvinen P: F: tapio.jarvinen@kokkolanenergia.fi | Trade Debt | | | | $23,781.86 |
| 30 Professional Cleaning Svcs Ristisuonraitti 16 Pietarsaari, 68600 Finland | Maria Friberg P: +358 40 4889454 F: maria.friberg@pcs.fi | Trade Debt | | | | $21,442.38 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Jervois Texas, LLC__

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/28/2025__     ✗ _Bryce Crocker_ _____
        MM / DD / YYYY          DC754D46DD6F4E0...
                                Signature of individual signing on behalf of debtor

                                __Bryce Crocker__
                                Printed name

                                __Chief Executive Officer__
                                Position or relationship to debtor

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | Chapter 11 |
| JERVOIS TEXAS, LLC, | Case No. 25-_____ (___) |
| Debtor. | |

## **LIST OF EQUITY SECURITY HOLDERS**

| Name and Address of Equity Holders | Percentage of Equity Held |
|---|---|
| Jervois Americas LLC<br>1309 S. Challis Street<br>Salmon, Idaho 83467 | 100% |

| Fill in this information to identify the case and this filing: |
| --- |

Debtor Name    Jervois Texas, LLC

United States Bankruptcy Court for the:   Southern    District of   Texas
                                                 (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* ____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑   Other document that requires a declaration   Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/28/2025        ✗    *Bryce Crocker*
           MM / DD / YYYY              DC754D46DD6F4E0...
                                   Signature of individual signing on behalf of debtor

                                   Bryce Crocker
                                   Printed name

                                   Chief Executive Officer
                                   Position or relationship to debtor

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| In re: | Chapter 11 |
| JERVOIS TEXAS, LLC, | Case No. 25-____ (___) |
| Debtor. |  |

## **CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| **Shareholders** | **Approximate Percentage of Shares Held** |
|---|---|
| Jervois Americas LLC | 100% |

| Fill in this information to identify the case and this filing: |
| --- |

Debtor Name __Jervois Texas, LLC__

United States Bankruptcy Court for the: __Southern__ ___ District of __Texas__
                                                                            (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* ____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑  Other document that requires a declaration __List of Equity Security Holders_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __01/28/2025__        ✖  ___*Bryce Crocker*_____
                 MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                        __Bryce Crocker_____
                                        Printed name

                                        __Chief Executive Officer_____
                                        Position or relationship to debtor

*Execution Version*

### WRITTEN CONSENT OF THE SOLE MEMBER OF
### JERVOIS TEXAS, LLC
### (the "Company")

### January 28, 2025

The undersigned, being the sole member of the Company (the "Approving Party"), does hereby consent to, adopt and approve the following resolutions by written consent and each and every action effected thereby with the same force and effect as if they had been adopted at a duly convened meeting of the Company:

**WHEREAS**, the Approving Party has considered certain materials presented by, or on behalf of, the Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Company, in consultation with the Advisors, has determined that it is in the best interest of the Company to enter into that certain *Amended and Restated Restructuring Support Agreement*, dated January 28, 2025 (as amended, supplemented, or otherwise modified from time to time, the "RSA"), which contemplates certain restructuring transactions to be effectuated pursuant to chapter 11 cases of the Company and its debtor affiliates (the "Bankruptcy Cases") to be filed in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

**WHEREAS**, pursuant to the RSA, the Company intends to pursue the Bankruptcy Cases in a value-maximizing and effective fashion, and to file all pleadings or documents, including a chapter 11 plan (the "Plan") and a related disclosure statement (the "Disclosure Statement"), that may be required to effectively resolve the Bankruptcy Cases;

**WHEREAS**, the Approving Party has reviewed and considered one or more presentations by Management and the Advisors regarding the advantages and disadvantages of filing a voluntary petition for relief (the "Bankruptcy Petition") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code");

**WHEREAS**, the Approving Party has had adequate opportunity to consult with its Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, the Approving Party has determined, in the judgment of the Approving Party, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest; and

**WHEREAS**, the Approving Party has considered its fiduciary duties under applicable law in exercising its powers and discharging its duties, to act honestly and in good faith with a view to the best interests of the Company as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances.

1.  **ENTRY INTO RESTRUCTURING SUPPORT AGREEMENT.**

**NOW, THEREFORE, BE IT RESOLVED**, that it is in the best interest of the Company to enter into a Restructuring Support Agreement on terms and conditions substantially similar to the form attached hereto as Exhibit A (the "Restructuring Support Agreement") and that the Company entering into a Restructuring Support Agreement would benefit the Company; and

**RESOLVED FURTHER,** that (i) the forms, terms and provisions of the Restructuring Support Agreement, and all the exhibits annexed thereto, (ii) the execution, delivery, and performance thereof, and (iii) the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as any director or duly appointed officer of the Company, each acting individually and with full power of substitution (each, an "Authorized Person" and, together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") executing the same may, in such Authorized Person's discretion, deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instructions and certificates as may be required or contemplated by the Restructuring Support Agreement, as applicable, shall be conclusive evidence of the approval thereof.

2.  **VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF.**

**RESOLVED**, that, in the judgment of the Approving Party, it is desirable and in the best interests of the Company, its interest holders, subsidiaries, creditors, and other parties in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Company; and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition; and

**RESOLVED FURTHER,** that each Authorized Person be, and hereby is, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, including the Plan and Disclosure Statement (and is authorized to finalize the documents on terms substantially similar to the forms presented to the Approving Party), and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company.

3.  **RETENTION OF PROFESSIONALS.**

**RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general restructuring counsel; (ii)  Moelis & Company, as investment banker; (iii) FTI Consulting, Inc., as restructuring advisor; (iv) Stretto, Inc., as claims, noticing, and solicitation agent; (v) Pricewaterhouse Coopers International Limited, as tax advisor; and (vi) any other legal

counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

### 4. CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION.

**RESOLVED**, that the Company will obtain benefits, as necessary or convenient to the conduct, promotion, maintenance, and attainment of the business of the Company, from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), to the extent applicable, which is security for prepetition secured lenders and the prepetition secured agent (collectively, the "Secured Parties"), if any; (b) entry into a Supplemental Deed, by and among Jervois Suomi Holding Oy, as the borrower, certain subsidiaries and affiliates of the borrower from time to time party thereto as guarantors, the lenders from time to time party thereto, and Acquiom Agency Services Ltd, as agent and security agent (the "DIP Facility Agreement Supplement"), which amends and restates that certain Facility Agreement, dated as of October 28, 2021 (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time), which shall include: (i) a new money term loan facility (the "New Money DIP Facility" and the loans advanced under the New Money DIP Facility, the "New Money DIP Loans") in the aggregate amount of $25,000,000, and (ii) following the Effective Time (as defined under the DIP Facility Agreement Supplement) and upon entry of an interim order by the Bankruptcy Court authorizing the DIP Facility, a roll-up facility in the aggregate amount of $24,000,000 (the "Roll-Up Facility," and the loans deemed made thereunder, the "Roll-Up Loans," and the Roll-Up Loans together with the New Money DIP Loans, the "DIP Facility"), in each case subject to the priorities and on terms and conditions set forth in the DIP Facility Agreement Supplement;

**RESOLVED FURTHER**, that in order to use and obtain the benefits of the DIP Facility and any Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will grant and allow perfection of certain liens and other security interests in favor of and for the benefit of the Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "DIP Order") to be filed with the Bankruptcy Court;

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Facility be, and hereby are, in all respects approved on the terms and conditions substantially similar to those set forth in the form of DIP Documents (as defined below) previously provided and/or described to the Approving Party, and the Company is hereby authorized and empowered to (a) enter into the DIP Facility, subject to approval by the Bankruptcy Court, and (b) seek entry of the DIP Order and any other such order authorizing entry into, and consummation of, the DIP Facility and the DIP Documents;

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of (a) the DIP Order and the DIP Facility Agreement Supplement, (b) such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Order and the DIP Facility Agreement Supplement, the "DIP Documents"), and (c) any amendments or modifications to the DIP Documents (with such changes, modifications, additions, deletions, and amendments thereto as any Authorized Person in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof);

**RESOLVED FURTHER**, that the Company, as debtor and debtor in possession under the Bankruptcy Code, upon filing of the Bankruptcy Petition, be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

**RESOLVED FURTHER**, that each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the collateral agent under the DIP Facility (the "DIP Agent") to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order; and

**RESOLVED FURTHER**, that each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection

with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

### 5. FURTHER ACTIONS AND PRIOR ACTIONS.

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds and other documents on behalf of the Company relating to the Bankruptcy Cases;

**RESOLVED FURTHER**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**RESOLVED FURTHER**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person or Authorized Persons may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**RESOLVED FURTHER**, that the Approving Party has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Company, or hereby waives any right to have received such notice; and

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Approving Party.

\*   \*   \*   \*

This resolution may be executed in two or more counterparts, each of which shall be deemed an original and together constitute one and the same resolution. The words "execution," "signed," "signature," and words of like import herein shall be deemed to include electronic signatures or the keeping of records in electronic form, each of which shall be of the same legal effect, validity or enforceability as a manually executed signature or the use of a paper based recordkeeping system, as the case may be, to the extent and as provided for in any applicable law.

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the Company, has executed this unanimous written consent in one or more counterparts, each of which shall be deemed to be one and the same instrument, as of the date first set forth above.

JERVOIS AMERICAS LLC, sole member

DocuSigned by:

*Bryce Crocker*

DC754D46DD6F4E0...

Name: Bryce Crocker

Title: Chief Executive Officer